IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| RODNEICK THOMPSON, | § § | |
| Plaintiff, | § § § | CIVIL ACTION NO. 6:24-CV-00261-JDK |
| v. | § § | |
| RYAN WILKINSON, | § § § | |
| Defendant. | § § | |

ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Rodneick Thompson, proceeding *pro se* and *in forma pauperis*, filed this action on January 18, 2024 in the Texarkana Division of the Eastern District of Texas. Docket No. 1. Thereafter, the case was transferred to the Tyler Division on July 23, 2024. Docket No. 8. The case was assigned to the undersigned and referred to United States Magistrate Judge John D. Love for findings of fact, conclusions of law, and recommendations for the disposition of the action. Docket No. 9. On August 22, 2024, Defendant Ryan Wilkinson filed a motion to dismiss. Docket No. 16. On October 31, 2024, Judge Love issued an Amended Report and Recommendation (Docket No. 29), recommending that Defendant's motion be granted and that Plaintiff's claims for unlawful arrest, excessive use of force, and retaliation be dismissed with prejudice to their being re-asserted until the conditions of *Heck v. Humphrey* are met, and that Plaintiff's equal protection claims be dismissed with

prejudice for failure to state a claim. Plaintiff filed objections to the Report and Recommendation. Docket No. 30.

The Court reviews objected-to portions of the Magistrate Judge's Report and Recommendation de novo. *See* Fed. R. Civ. P. 72 and 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). The Court conducting a de novo review examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

In his objections, Plaintiff only generally objects that he has stated a claim without identifying that claim, asserts that his statements are not merely conclusory, and states that he will be filing a motion for reconsideration. Docket No. 30. These objections are too vague and do not address the specific findings of the Magistrate Judge's Report. For example, the Magistrate Judge explained in detail why Plaintiff's claims for false arrest, excessive use of force, and retaliation brought pursuant to 42 U.S.C. § 1983 would be barred by *Heck v. Humphrey* based upon his conviction for assaulting a peace officer, Defendant Wilkinson. Docket No. 29, citing *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Plaintiff does not challenge the finding that his stated claims are inextricably intertwined with his conviction, nor does he present evidence that his conviction has been reversed, expunged, declared invalid, or otherwise called into question. Plaintiff also does not address the Magistrate Judge's

2

finding that he has failed to state a claim for violation of the Equal Protection Clause because he has not alleged that he was a member of a protected class, that Defendant Wilkinson intentionally discriminated against him, or that he was treated differently than another classification of similarly situated persons. *Id.* citing *Williams v. Bramer*, 180 F.3d 699, 705 (5th Cir. 1999). As such, Plaintiff's objections are without merit.

Having reviewed Plaintiff's objections de novo, the Court concludes that the objections are without merit and that Defendant's motion to dismiss should be granted on the grounds set forth in the Amended Report and Recommendation. The Court therefore adopts the Amended Report and Recommendation of the United States Magistrate Judge (Docket No. 29) as the findings of this Court.

Accordingly, it is hereby **ORDERED** that Defendant's motion (Docket No. 16) is **GRANTED** and the Magistrate Judge's Amended Report (Docket No. 29) is **ADOPTED**. Plaintiff's § 1983 claims for unlawful arrest, excessive use of force, and retaliation are **DISMISSED** with prejudice to their being re-asserted until the *Heck* conditions are met. Plaintiff's equal protection claims are **DISMISSED** with prejudice for failure to state a claim.

So **ORDERED** and **SIGNED** this **19th** day of **November, 2024.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE